779 F.2d 52
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARVIN SCHLAUCH, Plaintiff-Appellant,
v.
EVERETT LOURY, DISTRICT DIRECTOR INTERNAL REVENUE, Defendant,
UNITED STATES OF AMERICA, Defendant-Appellee.
 84-3431
 United States Court of Appeals, Sixth Circuit.
 10/25/85
 
 AFFIRMED
 N.D.Ohio
 On Appeal from the United States District Court for the Northern District of Ohio
 Before: ENGEL and KENNEDY, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Marvin Schlauch appeals the judgment of the United States District Court for the Northern District of Ohio finding him liable in the sum of $37,215.03 for failing to file income tax form 941 returns for the first three quarters of 1978.
 
 
 2
 Schlauch, Sherry Bricker and her husband, Robert Bricker, owned and were the officers and directors of Sherry and Rob Farms, Inc., a corporation engaged in the commercial production, purchase and distribution of earthworms. Schlauch was the vice-president and was charged with supervision of the corporation in the absence of the president, Robert Bricker. He was compensated by the corporation, but also worked at another job. The lower court found that he was informally kept aware of corporate matters and would stop in at the office one to three times a week, depending on the demands of his other work. Although Ms. Bricker was the corporation's secretary-treasurer and generally took charge of the corporation's books and accounts, Schlauch possessed signatory authority on the corporate checking account and had unrestricted access to the corporation's books.
 
 
 3
 The corporation ran profitably through 1977, but experienced severe financial problems in 1978. At some time between February and August, 1978, funds from payroll income tax deductions were transferred from a separate bank account into the corporation's general operating account. The corporation then used these funds to pay payrolls and creditors instead of remitting them to the Internal Revenue Service.
 
 
 4
 On January 1, 1981, the IRS assessed taxes against Schlauch, Robert Bricker and Sherry Bricker in the sum of $37,215.03, representing the withholding taxes due the government for the first three quarters of 1978. Schlauch paid $586.53 of the assessment and then, on April 6, 1981, filed a refund claim. The IRS denied the refund claim and Schlauch filed suit to recover the $586.53. The government counterclaimed against Schlauch. Robert and Sherry for the remainder of the assessment. The district court found Schlauch and Sherry Bricker jointly and severally liable for the entire assessment. Schlauch appeals this judgment.
 
 
 5
 On appeal Schlauch does not challenge the district court's finding that he had authority to direct the payment of corporate funds, including its tax obligations. He does contend, however, that the court erred in finding that he knew of the corporation's failure to remit its payroll withholding.
 
 
 6
 Upon a consideration of the record as a whole, the court is of the opinion that the evidence was sufficient to establish plaintiff Marvin Schlauch as a person responsible for the payment of the withholding taxes in question and for the filing of the Form 941 returns in question, and that plaintiff acted willfully in failing to exercise that responsibility. We agree with the district judge that while it was not necessary to show a criminal motive in this regard, it was sufficient to show, as the evidence before the court revealed, that Schlauch's role in the corporation's affairs at the time was sufficient to amount to a conscious and deliberate choice to pay other creditors, instead of paying the government the sums then due for withholding taxes.
 
 
 7
 Accordingly, the judgment of the district court is AFFIRMED.